COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


JONATHAN KIM

                                    MEMORANDUM OPINION[*] BY
v.     Record No. 0750-01-4     JUDGE RUDOLPH BUMGARDNER, III
                                          JUNE 4, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Arthur B. Vieregg, Judge

          Alexander J. Gordon, Assistant Public
          Defender, for appellant.

          Eugene Murphy, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


     Jonathan Kim was convicted of driving after being declared

an habitual offender.  He contends the officer did not have

reasonable suspicion to justify the initial stop for a traffic

offense.  Concluding the trial court properly denied the

defendant's motion to suppress, we affirm.

     The arresting officer testified that she observed the

defendant drive his gold BMW through the parking lot of a

7-Eleven store to avoid the traffic light at the corner of

Annadale Road and South Street.  After stopping the vehicle for

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

evading a traffic light, she determined the defendant was an habitual offender.

The defendant contends the officer's testimony was not credible.  The defendant denied he was traveling at the place and in the direction the officer described.  He argues the officer could not have seen what she described because it was dark, traffic was heavy, and she made the observations through her rearview mirror.  The defendant maintains the officer's testimony was inconsistent with her prior testimony at the preliminary hearing.  The officer had testified the stop occurred during rush hour traffic and the street had two lanes.  In fact, the incident occurred at 8:00 p.m. on a Sunday, and photographs showed the street had a third, turning lane.

Nothing suggests that the officer was incompetent to testify because she lacked the ability to observe events, to recollect, to communicate, and to understand the questions posed.  Cross v. Commonwealth, 195 Va. 62, 64, 77 S.E.2d 447, 449 (1953).  If a witness is competent, then the trier of fact has sole responsibility for determining the credibility of witnesses, the weight accorded their testimony, the inferences to be drawn, and resolving conflicts in the evidence. Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).

The trial judge heard the officer's testimony and her explanations for the apparent inconsistencies with her prior

-

testimony.  The judge viewed photographs of the scene while assessing the officer's ability to have seen what she described. The trial court found the officer's testimony credible and that "she saw him cutting across the 7-Eleven parking lot."  It concluded the officer had probable cause, "more than reasonable suspicion," to stop the defendant.

A trial court's factual finding is binding on appeal and will not be disturbed unless it is plainly wrong or without evidence to support it.  Code § 8.01-680.  The record contains evidence that the defendant cut through the parking lot to avoid a traffic light.  The trial court's finding that the officer's observations were believable permits the conclusion that the arresting officer acted properly when she initially stopped the defendant.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>

-